# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### SEATTLE, WASHINGTON

| | |
|---|---|
| KWAN OK COVEY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>KRISTJEN NIELSON, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY FRANCIS CISSNA, DIRECTOR OF US CITIZENSHIP AND IMMIGRATION SERVICE, US CITIZENSHIP AND IMMIGRATION SERVICE<br>Defendant. | NO.<br><br>COMPLAINT FOR A WRIT IN THE NATURE OF A MANDAMUS |

## COMPLAINT FOR MANDAMUS

Comes now the Plaintiff, Kwan Ok COVEY ("Plaintiff or "Ms. [Plaintiff]"), by and through her attorney, JI MIN KIM, and pleads as follows:

### I.　　INTRODUCTION

1. This is an individual action for mandamus. It seeks to compel Defendant, Department of Homeland Security and its responsible officials, to adjudicate I-130, Petition for Alien Relative for Brother of US Citizen.

COMPLAINT FOR A WRIT IN THE
NATURE OF A MANDAMUS - 1

KAI LAW GROUP PS
8718 South Tacoma Way, Suite A2
Tacoma, WA 98499
(253) 584-1369

## II. JURISDICTION

2. This Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 5 U.S.C. §§ 555(b) & 706(1), the Administrative Procedures Act; 8 U.S.C. §1329, Immigration & Naturalization Act, and 28 U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his duty.

## III. VENUE

3. 28 U.S.C. § 1391(e), as amended, provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or is an agency of the United States, the action may be brought in any judicial district in which a defendant in the action resides. Plaintiff is a resident of the WESTERN District of WASHINGTON STATE, and defendants KRISTJEN NIELSON and FRANCIS CISSNA , being sued in their official capacity, are the Secretary of the Department of Homeland Security and Director of US Citizenship and Immigration Service, agencies of the United States. The Department of Homeland Security does business in this District.

## IV. PLAINTIFF

4. Ms. Covey is a citizen of United States currently residing in Tacoma, Washington. On February 23, 2001, the Plaintiff filed an application to invite her family relative, SUNG SOO PARK, her biological brother, to the United States by filing I-130 Petition. Her application to invite her relative, rights granted by the INA statute, has been pending with no adjudication from the government

## V. DEFENDANT

5. Defendant KRISTJEN NIELSON is the duly appointed Secretary of the Department of Homeland Security. She is named in her official capacity. Ms. Nielson, as the

COMPLAINT FOR A WRIT IN THE
NATURE OF A MANDAMUS - 2

KAI LAW GROUP PS
8718 South Tacoma Way, Suite A2
Tacoma, WA 98499
(253) 584-1369

Secretary, is charged with the responsibility for delegating her discretion to the Department of Homeland Security's U.S. Citizenship and Immigration Services' ("USCIS"). Defendant FRANCIS CISSNA is the Director of US Citizenship and Immigration Service. Mr. Cissna, as the Director, is in charged with the responsibility for delegating his discretion to the USCIS.

## VI.     FACTUAL ALLEGATIONS

**A.     History of the Case**

6.     The Plaintiff, a US Citizen, resides in Tacoma, Washington. Her sibling, Sung Soo PARK, citizen of South Korea was the sole family member remaining in South Korea. Wanting to reunify the family, she decided to apply for her brother. On April 8, 2018, the Plaintiff's father passed away. The father was not able to see his youngest son in South Korea in his death bed.

7.     The Plaintiff retained [Former Attorney] ("former attorney") on February 23, 2001 to represent her to file I-130, petition for alien relative. The hope was for the family to reunify in the United States as her elderly parents were no longer able to travel to South Korea to see the youngest brother, SUNG SOO PARK.

8.     The Plaintiff submitted I-130 inviting her brother to US government agency formally known as INS, now USCIS. Subsequently, US government issued a receipt confirming the receipt of the application.

9.     The US government is currently pursuing application filed on January 8, 2005. In early this year the government was approving cases filed in 2004. Exhibit 1.

10.     Upon discovering that the USCIS should have approved or denied I-130 filed by the Petitioner years ago, the Plaintiff hired an attorney to get the update from the government regarding her application

COMPLAINT FOR A WRIT IN THE
NATURE OF A MANDAMUS - 3

KAI LAW GROUP PS
8718 South Tacoma Way, Suite A2
Tacoma, WA 98499
(253) 584-1369

11. On September 21, 2017, the Attorney requested the USCIS to review and approve the petition as it was reviewed extremely beyond normal processing time. According to the processing schedule, the USCIS is now approving I-130 Petition for Brother filed on June 29, 2009. The plaintiff filed this application in early 2001. Even after seventeen years, the USCIS has yet to provide any updates regarding this application. Until today there is no correspondence from USCIS or any other government agency regarding this application.

12. On April 11, 2018, the Plaintiff requested the update and provided up to date address. However the Plaintiff still has not received any updates from the government.

13. In its repeated disregard for the evidence of record and the Plaintiff's arguments of law, Defendant DHS acted in a callous and irresponsible way which contradicted the law and the applicable guidelines.

14. The Defendants have unreasonably, arbitrarily and capriciously abused their discretion.

15. No exhaustion requirement apply to the Plaintiff's complaint for a Writ of Mandamus. The Plaintiff is owed a duty- the adjudication of her properly filed application to invite her brother to the United States, which has been duly filed with USCIS formerly known as INS. Defendants have unreasonably delayed and failed to adjudicate the Plaintiff's application for more than a decade. The plaintiff has no other adequate remedy available for the harm she seek to redress- the failure of USCIS to process her application to petition for alien relative in a timely manner.

16. Although exhaustion requirement does not apply in this case, The Plaintiff has exhausted any administrative remedies that may exist to address this when the US government simply failed to correctly correspond to the Plaintiff's request to obtain an update on her application.

COMPLAINT FOR A WRIT IN THE
NATURE OF A MANDAMUS - 4

KAI LAW GROUP PS
8718 South Tacoma Way, Suite A2
Tacoma, WA 98499
(253) 584-1369

WHEREFORE, Plaintiff prays that the Court:

    1.    Assume jurisdiction of this case;

    2.    Compel the Defendants and those acting under them to perform their duty to grant the Plaintiff's I-130 Petition for Alien Relative.

    3.    Grant such other and further relief as this Court deems proper under the circumstance; and

    4.    Award the Plaintiff her attorney's fees and costs of court pursuant to the Equal Access to Justice Act (EAJA) or other applicable law.

RESPECTFULLY SUBMITTED this 24th day of September 24, 2018 at Tacoma, Washington.

                      KAI LAW GROUP PS

JI MIN KIM , Esq.
Counsel for Plaintiff, WSBA 43794
8718 S Tacoma Way Suite A2
Tacoma, WA 98499
Phone: (253) 584-1369
Fax:   (425) 358-3460

COMPLAINT FOR A WRIT IN THE
NATURE OF A MANDAMUS - 5

KAI LAW GROUP PS
8718 South Tacoma Way, Suite A2
Tacoma, WA 98499
(253) 584-1369